**GOVERNMENT OF THE VIRGIN ISLANDS IN THE INTEREST OF: A.I.E., Minor/Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS IN THE INTEREST OF: O.B., Minor/Appellant**

D.C. Crim. App. No. 1997-86

T.C. Fam. Juv. No. 58-1997

D.C. Crim. App. No. 1997-85

T.C. Fam. Juv. No. 60-1997

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 11, 1997

JOEL W. MARSH, ESQ., St. Thomas, U.S.V.I., *for Minor/Appellant A.I.E.*

LESLIE L. PAYTON, ESQ., (Territorial Public Defender), St. Thomas, U.S.V.I., *for Minor/Appellant O.B.*

DOUGLAS DICK, WILLIAM K. EVANS, AND ANGELA GARDNER, (Assistant Attorneys General), *for Appellee Government of the Virgin Islands*

MOORE, *Chief Judge*

## MEMORANDUM OF THE COURT

This matter is before the Court on minor/appellant A.I.E.'s ["appellant"] motion for release pending appeal. Government of the Virgin Islands ["appellee"] opposes the motion.

The Family Division of the Territorial Court issued a detention order on June 5, 1997, directing that appellant be detained in custody pending trial. The Family Division subsequently ordered appellant transferred to the Criminal Division on June 20, 1997. Appellant filed a notice of appeal and motion for expedited appeal with this Court on June 26. On June 30, 1997, the Criminal Division of the Territorial Court issued an order granting bail and setting the conditions of such release. This Court granted appellant's motion for expedited appeal on July 7, and issued a stay of the Family Division's transfer order on July 21, 1997.

Appellant requests this Court to modify the June 30, 1997 order of the Criminal Division granting bail and setting the conditions of release. Appellee maintains that the bail order was invalid on its face because, according to appellee, the Criminal Division never had jurisdiction over appellant. Appellee contends that jurisdiction passed directly from the Family Division to the Appellate Division when the notice of appeal was filed on June 26, four days prior to the Criminal Division's issuance of the bail order.

■ Jurisdiction clearly vested with the Criminal Division upon execution of the transfer order. From June 20 until June 26, the Criminal Division had unfettered authority to commence adult criminal proceedings against the appellant; from June 27 until July 21, the Criminal Division had authority to determine matters concerning the person of the appellant, such as issuing an order granting bail. However, the July 21, 1997 stay of the transfer order by this Court suspended enforcement of all orders issued by the Criminal Division prior to the stay and suspended all further proceedings in the Criminal Division pending appeal before this Court. The transfer order allows the Criminal Division to treat the appellant as an adult. While the stay of the transfer order remains in effect, appellant must be treated as a minor and cannot be subject to adult proceedings in the Criminal Division.

59

Contrary to the assertions of both appellant and appellee, V.I. CODE ANN. tit. 4, § 173(c) implies that the Family Division retains some degree of authority over the person of the minor until the child is convicted as an adult in the Criminal Division for a crime pursuant to the transfer order:

> If a child is transferred to another court, and the child is convicted in that court for a crime pursuant to the transfer, the conviction shall terminate the jurisdiction of the Family Division.

Whatever other purposes may be intended by § 173(c), at a minimum it serves to provide the Family Division as a forum within the Territorial Court from which the minor appellant can seek redress while the authority of the Criminal Division to act is stayed pending appeal.

Under the scheme of the juvenile statute, the June 5, 1997 detention order issued by the Family Division remains in effect and appellant's immediate avenue for relief is to seek modification of that order in the Family Division of the Territorial Court. For the above reasons, this Court denies appellant's motion for release pending appeal without prejudice. An appropriate order is attached.

ENTERED this 11th day of August, 1997.

## ORDER

For the reasons set forth in the Court's accompanying Opinion of even date,

IT IS ORDERED that appellant's motion for release pending appeal is DENIED WITHOUT PREJUDICE.

ENTERED this 11th day of August, 1997.